UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA SULLIVAN,

    Plaintiff,

    v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.,

    Defendants.
_____/

No. C 09-03718 PJH

**ORDER DETERMINING AMOUNT OF JUDGMENT**

Having considered the parties arguments raised in the joint brief re amount of judgment for 24-month plan benefits, filed August 15, 2011, the court determines the amount of judgment as follows.

Plaintiff concedes that the plan provides that MetLife may deduct from plaintiff's benefit the amount of other income benefits such as SSI benefits. Doc. no. 37 at 2-3. Plaintiff objects to deducting her SSI benefits from the LTD benefit award on the ground that "if MetLife had approved Ms. Sullivan's claim for LTD benefits, as the Court ruled that it should have, she would not have been eligible for SSI benefits because her $2,500 monthly benefit would have exceeded SSI's income and resource caps." Doc. no. 37 at 3. The court overrules plaintiff's objection and deducts from the LTD benefit award the amount of SSI benefits received by plaintiff during the LTD benefit period at issue, subject to the following requirement: in the event that the Social Security Administration determines that plaintiff owes a refund of the SSI benefits received during the LTD benefit period because her LTD benefits issued by MetLife made her ineligible to receive SSI benefits, MetLife will be responsible for payment of any refund of SSI benefits that plaintiff owes, up to the amount deducted herein, as well as any penalty that may be assessed against plaintiff on

the basis of income ineligibility due to delayed payment of her LTD benefits.  In the event that any refund or penalty is so assessed against plaintiff, plaintiff shall notify MetLife to arrange payment of the refund or penalty to the SSA.

The parties agree that plaintiff's gross monthly benefit under the plan is $2,500, and that plaintiff became entitled to LTD benefits on June 8, 2006, following the 26-week elimination period, up to December 8, 2007.  Deducting the amount of SSI benefits received by plaintiff during the 24-month LTD period, as identified by MetLife, the court calculates the net award of LTD benefits to be $39,771.07, as follows:

| June 8, 2006 - June 30, 2006 | (no SSI deduction) | $1,916.67 |
| July 1, 2006 - July 31, 2006 | (no SSI deduction) | $2,500.00 |
| August 1, 2006 - Dec 31, 2006 | ($2500 - $196) x 5 months | $11,520.00 |
| January 1, 2007 - July 31, 2007 | ($2500 - $417) x 7 mo. | $14,581.00 |
| August 1, 2007 - August 31, 2007 | ($2500 - $411) | $2,089.00 |
| Sept 1, 2007 - Oct 31, 2007 | ($2500 - $203.34) x 2 mo. | $4,593.32 |
| Nov 1, 2007 - Nov 30, 2007 | ($2500 - $415.34) | $2,084.66 |
| Dec 1, 2007 - Dec 7, 2007 | $69.49/day x 7 days | $486.42 |
| **Net LTD benefit award** | | $39,771.07 |

The court further determines that the appropriate rate of prejudgment interest is prescribed by 28 U.S.C. § 1961.  Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001).  The rate of the weekly average 1-year constant maturity Treasury yield for the week ending August 12, 2011, as published by the Board of Governors of the Federal Reserve System, is 0.11%.  Calculating the interest on the amount of $39,771.07 compounded annually at a rate of 0.11% from December 8, 2007, the court determines the amount of prejudgment interest up to the date of judgment to be $161.93.

| | | |
|---|---|---|
| Dec 8, 2007 - Dec 7, 2008 | $39,771.07 x 0.11% | $43.75 |
| Dec 8, 2008 - Dec 7, 2009 | $39,814.82 x 0.11% | $43.80 |
| Dec 8, 2009 - Dec 7, 2010 | $39,858.62 x 0.11% | $43.84 |
| Dec 8, 2010 - Aug 19, 2011 | $0.12/day x 254 days | $30.54 |
| **Total interest** | | $161.93 |

The court will therefore enter judgment in favor of plaintiff and against defendant in the amount of $39,933.00.

**IT IS SO ORDERED.**

Dated: August 19, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge